FeeemaN, J.,
delivered the opinion of the court.
An action for damages was commenced in 1865, by Moore against George W. Gardenhire, Meredith Webb and William McCormack. The suit was commenced by original attachment. After levy of attachment on property of Webb, all the defendants appeared and pleaded not guilty. At the October Term, 1867, the parties by attorneys consented to a reference of the case to the arbitrament of certain persons named, with leave, if the four selected could not agree, they should choose an umpire, and that their award should be made the judgment of the court. It was further agreed that the arbitrators should meet' on the fourth Monday of November, (after) at a place stated.
February Term, the 14th of the month, the death of the defendant, M. Webb, was suggested and admitted, and by consent the case was revived against Jane Webb, his administratrix, and thereupon the plaintiff moved the court to show cause why the award in- the case should be filed and made the judgment of the court, which motion was by consent continued till next term of the court.
At next term, the motion was heard and the award entered on the minutes of the court, and in accordance *303 witb the finding of the arbitrators, a judgment was rendered in favor of plaintiff against defendant Jane Webb, administratrix, for $500 and costs, and in favor of defendants Gardenhire and W. P. McCormack.
This judgment was regularly entered and execution issued, returned no personal property found, and levied on real estate of said Webb, descended, and sai. fa. ordered against his heirs, upon the return of the execution into the court. After various sai. fas. issued and returned, the case came on at last on motion of plaintiff to have an order to sell the land, and by defendants to quash and dismiss the various sci. fas., when the court sustained the motion of defendants, quashed the sai. fas. and dismissed the proceedings against the land, from which judgment an appeal is prosecuted to this court.
We may here remark, that the usual defect appears in this motion, found in all the records we have had before us, ¡ that the grounds of this motion are not stated, and we can not too earnestly impress on counsel the necessity of adopting a different practice. But passing this by we proceed to the question presented by the record in this case.
It is insisted first by the defendant Jane Webb, administratrix, and heirs, that the award and judgment rendered thereon are void, because they say they were not before the court, nor had the arbitration any authority to make the award, because of the death of Webb between the time of submission of the case and the making of the award, and this is a revocation of the submission to arbitration. There can be *304 no question that where the submission is simply by deed or writing and not by rule of court and confers a simple power on arbitrators to act, the death of' one of the parties would be a revocation of the authority and any award made after this would be a nullity.
But we can not apply this principle to a case pending in a court of record, when the submission is a matter of record and makes a part of the proceedings in the cause. On the death of the party the case abates, or is suspended, but on appointment of the administrator, the case may be revived and prosecuted against said personal representative, and such representative stands precisely in the shoes of the intestate as to the suit, and comes into it when revived against him at the precise point at which it was left by the party he represents. This we think would be so on sound principle, but looking at the provisions of the Code on the subject, we think they are conclusive of the question.
By s. 3432 it is provided, “all causes of action, whether there be a suit pending therefor or not, may be submitted to the decision of one or more arbitrators, as hereinafter provided.” Among other things it is provided that such submission may be had on the part of an administrator and other trustees. After various provisions regulating the mode of proceeding in such cases, it is provided, s. 3439, “ no such submission shall be revocable after the agreement is signed by the parties or entered of record, without leave of the court or justice, except by mutual consent entered of record.” We think from these provisions it is *305 clear the entry of the submission of record is in the nature of an order or judgment of the court, and stands as part of the proceedings of record unless revoked in accordance with the above provision. We can see no inconvenience nor injury to result from proceeding under the submission, with the administrator before the court, as he, representing his intestate, would, as a party to the suit, have the same power of revocation as his intestate and no more, and could in like ' manner defend the suit, or resist the confirmation when made. In any event, as an administrator has the power by the statute to submit the case to arbitration, we can not see but that such representative may be fairly held to have assented to and adopted the submission already made, when as in this case, the award is entered of record, made against the representative, and no objection made to the proceeding at the time. The judgment clearly was not void on its face, and could not be so held on the collateral motion to condemn the land, or order it to be sold on return of the soi. fas.
But then were the soi. fas. properly issued, and was this a case where the land of the heirs could be subjected to sale, by such a proceeding?
By s. 2257 of the code when no person will administer on the estate of the deceased, any person who has commenced suit against the intestate' in his lifetime, may have soi. fa. against his heirs or devisees and prosecute the suit to judgment and execution against the real estate of the ancestor descended or devised.
*306 By s. 2258, wben the plea of “fully administered,” “no assets” or “not sufficient assets to satisfy the plaintiff’s demand” is found in favor of an executor or administrator, the plaintiff may proceed to ascertain his demand and enter judgment, but it is provided by next section, that “ before taking out execution against the real estate of the deceased debtor, his heir or devisees shall be summoned by sci. fa. to show cause why execution should not be issued against the real estate for the amount of the judgment or so much of it as there may not be personal assets to discharge.
By subsequent section it is provided the heir or devisees may plead that the executor or administrator has sufficient assets or they have wasted or concealed the same, and the court shall order a trial of this collateral issue between the parties. It is obvious these sections do not apply to this case, as no plea of “fully administered,” no assets, nor anything required by the statute was interposed in the case, but only a simple judgment against the administratrix, to be levied of the goods and chattels, etc., in her hands to be administered.
The only other section of the Code bearing on the question is s. 2271, providing for sci. fa. against the heir in case of return of a justice’s execution, “ no property found.” On return of the papers to the Circuit Court, upon the suggestion and application of the plaintiff, his agent or attorney, said sci. fa. to issue and proceedings be had for the satisfaction of the judgment, either out of the goods and chattels of the *307 defendant (administrator or executor) in case he has wasted the assets, or out of the real estate of the deceased.
By section 2273 it is provided: “The like proceedings shall be had in case of an execution, issued after the death of the debtor, and returned ‘ nothing found/ on a judgment recovered in his lifetime.” These last provisions have no application to this case, as the judgment was not recovered against the intestate in his lifetime, but only recovered against his adminis-tratrix, after his death.
We are constrained to hold, then, that the judgment against the administratrix is valid, but that the proceedings to subject the land are void, as not authorized by law, and that the parties must proceed to make their debt either out of the administratrix, or out of the land descended, by regular proceedings, as in the case of other debts against the lands of deceased parties.
It follows the judgment of the Circuit Court was correct in quashing the sai. fas. and proceedings thereon, and will be affirmed.